# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROBERT W. JOHNSON,**

    **Plaintiff,**

                              **Civil Action 2:19-cv-2428**

   v.                            **Chief Judge Edmund A. Sargus, Jr.**
                              **Magistrate Judge Chelsey M. Vascura**

**JAIMIE COE**, *et al.*,

    **Defendants.**

---

**ROBERT W. JOHNSON,**

    **Plaintiff,**

                              **Civil Action 2:19-cv-2490**

   v.                             **Chief Judge Edmund A. Sargus, Jr.**
                              **Magistrate Judge Chelsey M. Vascura**

**JUDGE GEORGE C. SMITH**, *et al.*,

    **Defendants.**

---

**ROBERT W. JOHNSON,**

    **Plaintiff,**

                              **Civil Action 2:19-cv-2865**

   v.                             **Chief Judge Edmund A. Sargus, Jr.**
                              **Magistrate Judge Chelsey M. Vascura**

**SETH A. ABEL**, *et al.*,

    **Defendants.**

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Robert Johnson, an Ohio resident proceeding without the assistance of counsel, has recently filed four cases in this Court, including the three above-captioned cases. The Court dismissed the first case Plaintiff filed, *Johnson v. Nationwide Insurance*, Case No. 2:19-cv-1130, (S.D. Ohio filed Mar. 26, 2019) ("The 1130 Case"), for failure to state a claim following an initial screen conducted pursuant to 28 U.S.C. § 1915(e). Plaintiff subsequently filed each of the three above-captioned cases: (1) *Johnson v. Coe*, Case No. 2:19-cv-2428 (S.D. Ohio filed June 10, 2019) ("The 2428 Case); (2) *Johnson v. Smith*, Case No. 2:19-cv-2490 (S.D. Ohio filed June 14, 2019) ("The 2490 Case"); and (3) *Johnson v. Abel*, Case No. 2:19-cv-2865 (S.D. Ohio filed June 27, 2019) ("The 2865 Case"). In each of these cases, Plaintiff has submitted requests to to file a civil action *in forma pauperis*. The Court **GRANTS** Plaintiff's requests to proceed *in forma pauperis*. (The 2428 Case, ECF No. 1; The 2490 Case, ECF No. 2; and The 2865 Case, ECF No. 1.) All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaints under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaints, or any portion of them, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** each of the above-captioned actions for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, it is **RECOMMENDED** that the Court deem Plaintiff a vexatious litigator and enjoin him from filing any new actions without either (a) submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith

basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by this Court prior to the actual filing of the complaint in the Court's docketing system. Finally, it is **RECOMMENDED** that Plaintiff be required to include the captions and case numbers of all of his prior actions should he file a complaint in this or any other court.

## I. BACKGROUND

### A. The 1130 Case

Review of the Complaint Plaintiff filed in The 1130 Case, (The 1130 Case, ECF No. 3), offers some context for Plaintiff's allegations in The 2428 Case. According to Plaintiff's Complaint in The 1130 Case, in January 2017, he was a passenger in a car involved in a car accident. Plaintiff alleges that as a result of the accident, he suffered serious injuries. Plaintiff filed a claim with the driver's insurance company. Apparently not satisfied with the benefits he was awarded as a result of his claim, Plaintiff sued Nationwide Insurance Company and Victoria Fire and Casualty Company, alleging violations of "Due Process Rights & Negligence." (The 1130 Case, Pl.'s Compl., ECF No. 3.)

Magistrate Judge Elizabeth P. Deavers issued a Report and Recommendation, recommending that Plaintiff's action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, reasoning as follows:

> In this case, Plaintiff appears to invoke subject matter under 28 U.S.C. § 1331. (*See, e.g., id.* (alleging that the "[b]asis for federal court jurisdiction is federal question under 28 U.S.C. § 1331" and asserting a violation of due process rights). Plaintiff, however, fails to state a claim arising under federal law. To the extent Plaintiff claims Defendants violated his due process rights, "[t]o proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 127 (6th Cir. 2009); *see also Rubin v. Fannie Mae*, 587 F. App'x 273, 275 (6th Cir. 2014) (concluding that due process claim failed as a matter of law where the defendant was not a state actor); *Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 594 F. Supp. 2d 833, 843 (N.D. Ohio 2009) ("Because defendants are not state

3

actors, they cannot be held liable under the Fourteenth Amendment.") (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) ("'[P]rivate conduct, however discriminatory or wrongful,' falls outside the scope of the Fourteenth Amendment[.]")). "The principal inquiry to be undertaken in determining whether a private party's actions constitute 'state action' under the Fourteenth Amendment to the United States Constitution is whether the party's actions may be 'fairly attributable to the State.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Here, as a preliminary matter, Plaintiff fails to provide factual allegations sufficient to state a plausible cause of action. *See Iqbal*, 556 U.S. at 678. Plaintiff does not allege specific wrongful conduct by any named Defendant. Instead, Plaintiff simply asserts conclusory legal allegations. (ECF No. 3 at PAGEID # 18.) Plaintiff's limited assertions therefore do not support any claim arising under Section 1983 against any of the Defendants. *Iqbal*, 556 U.S. at 678; *see also Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (providing that a party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a [Section] 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct").

Moreover, Plaintiff has not, and cannot, based on his factual allegations, allege that the Defendant Insurance Companies are state actors or that their conduct constitutes state action. Plaintiff therefore has failed to state a federal claim based on an alleged violation of his rights under the Due Process Clause. *See Lugar*, 457 U.S. at 937; *Krukemyer v. Forcum*, 475 F. App'x 563, 566 (6th Cir. 2012) ("Indeed, there is no constitutional right to be free from harm inflicted by private actors. A due process claim lies only against a governmental defendant."); *Al-Bari v. Schofield*, No. 1:12-cv-00111, 2013 WL 1943016, at *2 (M.D. Tenn. May 9, 2013) ("Regardless, the insurance company is not a state actor that may be sued for constitutional violations under § 1983."); *Horen*, 594 F. Supp. 2d at 843.

To the extent that Plaintiff may invoke diversity jurisdiction under 28 U.S.C. § 1332 in order to pursue his negligence claim (ECF No. 3 at PAGEID ## 17), construing the allegations liberally, *see Haines*, 404 U.S. at 520, the undersigned will presume that Plaintiff has sufficiently alleged that he, a New York resident, is a different citizen than the Defendant Insurance Companies in Ohio and Alabama and that the amount in controversy exceeds $75,000, in accordance with Section 1332. (ECF No. 3 at PAGEID ## 14–15, 18.) Under Ohio law, in order to prevail on a negligence claim, "the plaintiff must show (1) the existence of a duty, (2) a breach of that duty, and (3) an injury resulting from the breach." *Robinson v. Bates*, 112 Ohio St.3d 17, 24 (2006) (citing *Menifee v. Ohio Welding Prods, Inc.*, 15 Ohio St.3d 75, 77 (1984)). Here, however, Plaintiff asserts no facts giving rise to a claim of negligence. He has not alleged the existence of a duty owed by the Defendant Insurance Companies or breach of a duty by the Defendant Insurance

4

> Companies. (*See generally* ECF No. 3.) Plaintiff therefore has failed to provide factual allegations sufficient to state a plausible claim of negligence or any cause of action. *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief).

(The 1130 Case, Apr. 17, 2019 R. & R. 4-6, ECF No. 7.)

Judge George C. Smith overruled Plaintiff's Objections, adopted the Report and Recommendation, and dismissed The 1130 Case pursuant to § 1915(e). (The 1130 Case, June 5, 2019 Order, ECF No. 10.)

**B.     The 2428 Case**

Plaintiff's Complaint in The 2428 Case is difficult to decipher. Plaintiff names the following five Defendants: (1) Dr. Richard Weiss; (2) Jaime Coe; (3) Nationwide Insurance; (4) Terry J. Griggs; and (5) Victoria Fire and Casualty Company. Plaintiff alleges that in November 2017, Defendant Dr. Weiss opined that Plaintiff was not disabled and did not require additional orthopedic or other specialized care. He further alleges that in December 2017, Defendant Victoria Fire and Casualty Company denied his insurance claim. Plaintiff alleges that in January 2018, his December 2018 application for transportation services with "Access-A-Ride" was denied and that his appeal for services was denied in February 2018. (The 2428 Case, Compl. 3-4, ECF No. 1-1.) Plaintiff learned in April 2019 that Defendant Terry J. Griggs, an employee of Defendant Victoria Fire and Casualty Company, had been assigned to handle his insurance claim. Plaintiff alleges that Defendant Jaimie Coe, also an employee of Defendant Victoria Fire and Casualty Company, notified him in May 2019 that Defendant Victoria Fire and Casualty Company would not be providing him with transportation services. According to Plaintiff, his injuries have worsened, and he remains without transportation.

The exhibits Plaintiff attaches to his Complaint in The 2428 Case reflect that Defendant Victoria Fire and Casualty Company relied upon the examination of Defendant Dr. Weiss to

5

deny Plaintiff's request for orthopedic surgery and that Defendant Victoria Fire and Casualty Company denied Plaintiff's request for access to transportation services as not covered under the policy. (The 2428 Case, ECF No. 1-2.)

Plaintiff asserts Defendants' actions violated his due process rights under the United States Constitution, and he seeks $500 million and injunctive relief.

### C. The 2490 Case

In The 2490 Case, in addition to again naming Nationwide Insurance and Victoria Fire and Casualty Company as Defendants, Plaintiff also names The State of Ohio, Judge George C. Smith, and Magistrate Judge Elizabeth P. Deavers. His allegations focus entirely on Judges Smith and Deavers. Specifically, Plaintiff complains that Judges Smith and Deavers violated his due process rights because Judge Deavers recommended that his Complaint in The 1130 Case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and Judge Smith overruled his objections, adopted Judge Deavers's recommendation, and dismissed the case. Plaintiff appears to contend that Judges Smith and Deavers have committed fraud in The 1130 Case in concluding that Defendants Nationwide Insurance and Victoria Fire and Casualty Company are not state actors. Plaintiff seeks $800 million in damages.

### D. The 2865 Case

In The 2865 Case, Plaintiff again names Nationwide Mutual Insurance Company as a Defendant and adds eighty-five additional defendants. He offers no specific allegations relating to any of the defendants, instead generally alleging that "Defendants have committed Due Process violations by not admitting legal representation on Notice of Appearance for Nationwide Insurance." (The 2865 Case, Pl.'s Compl. 5, ECF No. 1-1.) He also generally alleges that

6

Defendants' failure to retain counsel constitutes fraud. He seeks $230.6 billion and injunctive relief.

**E.     Plaintiff's Litigation Activity Outside This District**

Plaintiff is no stranger to filing cases. In addition to the four cases Plaintiff has filed in this district, the undersigned's search of PACER revealed several other cases Plaintiff has filed in other district courts, all of which appear to be substantially similar lawsuits against insurance companies arising out of the same 2017 car accident that gives rise to cases filed in this Court.[1] *See*, *e.g.*, *Johnson v. Progressive Corp. Ins. Co.,* No. 1:19-cv-826 (N.D. Ohio filed Apr. 15, 2019); *Johnson v. Progressive Corp. Ins. Co*., No. 1:19-cv-2902 (S.D.N.Y filed Mar. 29, 2019); *Johnson v. Law Offices of Jennifer Adams*, No. 1:19-cv-6272 (S.D.N.Y. filed July 2, 2019); *Johnson v. Victoria Fire & Casualty*, No. 19-cv-154 (S.D. Ala. filed Mar. 29, 2019); *Johnson v. Victoria Fire & Casualty*, No. 19-cv-2782 (S.D.N.Y. filed Mar. 28, 2019); *Johnson v. McMahon*, No. 19-cv-5090 (S.D.N.Y. filed May 29, 2019).

With the exception of Case No. 1:19-cv-2782, pending in the Southern District of New York, which has not yet been subjected to an initial screen under § 1915, each of these cases has been dismissed. Like this Court in The 1130 Case, the Southern District of Alabama also dismissed Plaintiff's Complaint against Defendants Nationwide Insurance Company and Victoria Fire and Casualty Company under § 1915(e) on the grounds that Plaintiff had failed to adequately allege facts sufficient to establish that the defendant insurance companies were acting under the color of state law such that Plaintiff had failed to state a claim upon which relief can be

---

[1] Plaintiff also filed suit against the Buffalo Police Department and one of its officers for, among other things, failing to note in the police report that Plaintiff had been a passenger in the car that was rear-ended during the 2017 car accident. *See Johnson v. Buffalo Police Dep't*, No. 19-cv-2982 (S.D.N.Y. filed Apr. 1, 2019).

granted or over which the court had subject-matter jurisdiction. *See Johnson v. Victoria Fire & Cas. Co.*, No. 19-cv-154, 2019 WL 2195251, at *3-7 (S.D. Al. May 6, 2019) (adopted in part, 2019 WL 2193855).

## II. STANDARD

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*       \*       \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under

Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

9

### III. ANALYSIS

**A.     The 2428 Case**

The doctrine of *res judicata* or claim preclusion operates to bar Plaintiff's claims in The 2428 Case. Under the doctrine of *res judicata* or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). The United States Court of Appeals for the Sixth Circuit has instructed that *res judicata* requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

In the instant action, Plaintiff simply reasserts the same claims, causes of action, and injuries arising out of the same facts that he alleged in The 1130 Case. As he did in The 1130 Case, Plaintiff names Defendants Nationwide Insurance Company and Victoria Fire and Casualty Company in The 2428 Case. Although Plaintiff names three additional Defendants in The 2428 case (Dr. Richard Weiss, Jaime Coe, and Terry J. Griggs), these additional Defendants are "privies" of Defendants Nationwide Insurance Company and Victoria Fire and Casualty Company for purposes of applying *res judicata*. *See ABS Indus. v. Fifth Third Bank*, 333 F. App'x 994, 2009 WL 1811915, at *5 (6th Cir. June 25, 2009) ("[I]t is well settled that a principal-agent relationship satisfies the privity requirement of res judicata where the claims alleged are within the scope of the agency relationship."). As discussed above, in the 1130 Case,

this Court dismissed Plaintiff's claims pursuant to 28 U.S.C. § 1915(e). A court's dismissal of a "complaint pursuant to the provisions of § 1915(e) . . . constitutes an adjudication on the merits for purposes of *res judicata*." *Burton v. Cleveland Ohio Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Smith v. Morgan*, 75 F. App'x 505, 507 (6th Cir. 2003)). Thus, the undersigned concludes that the doctrine of *res judicata* operates to bar the claims Plaintiff asserts in The 2428 Case.

Even if Plaintiff's claims in The 2428 Case were not barred by the doctrine of *res judicata*, they would be subject to dismissal for failure to state a claim under § 1915(e) for the same reasons the Court dismissed Plaintiff's claims in The 1130 case, and the undersigned adopts the Court's analysis in The 1130 Case by reference. Specifically, Plaintiff's federal due process claims fail as a matter of law because none of the defendants named in The 2428 Case are state actors. To the extent Plaintiff invokes 28 U.S.C. § 1332 in order to pursue state-law negligence claims, those claims fail because Plaintiff has failed to allege facts upon which this Court could rely to conclude Defendants owed Plaintiff a duty and breached that duty.

For these reasons, it is **RECOMMENDED** that The 2428 Case be **DISMISSED** pursuant to § 1915(e).

**B.     The 2490 Case**

No matter how liberally the Court construes Plaintiff's Complaint, his claims against Judges Smith and Deavers are barred by the doctrine of judicial immunity. "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)). Judicial immunity is overcome only if the actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in

11

the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted). A review of Plaintiff's Complaint in The 2490 Case reveals that those exceptions do not apply here. Although Plaintiff also again names Nationwide Insurance and Victoria Fire and Casualty Company as Defendants in The 2490 Case, his Complaint contains no allegations regarding these Defendants. Plaintiff likewise fails to include any allegations relating to Defendant The State of Ohio.

For these reasons, it is **RECOMMENDED** that The 2490 Case be **DISMISSED** pursuant to § 1915(e).

**C.     The 2865 Case**

As set forth above, in The 2865 Case, Plaintiff again names Nationwide Mutual Insurance Company as a Defendant and adds eighty-five additional defendants. He offers no specific allegations relating to any of these defendants upon which the Court could rely to conclude that they have committed the due process violations Plaintiff generically alleges.

Because Plaintiff has failed to state a claim against any of the eighty-six defendants he names, it is **RECOMMENDED** that The 2865 Case be **DISMISSED** pursuant to § 1915(e).

**IV.     VEXATIOUS LITIGATOR RECOMMENDATION**

"Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, No. 2:17-cv-103, 2017 WL 6508723, at *9 (S.D. Ohio Dec. 20, 2017) (quoting *Johnson v. Univ. Housing*, No. 2:06-cv-628, 2007 WL 4303728, at * 12 (S.D. Ohio, Dec. 10, 2007) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986))). The Sixth Circuit has upheld various prefiling restrictions trial courts have imposed on vexatious litigators.

*See, e.g.*, *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995).

Given that Plaintiff has now filed at least *ten* federal-court lawsuits, including four in this Court, all arising out of the same 2017 car accident and none of which have survived an initial screen under § 1915(e), it is **RECOMMENDED** that the Court deem Plaintiff a vexatious litigator and enjoin him from filing any new actions without either (a) submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by this Court prior to the actual filing of the complaint in the Court's docketing system. It is further **RECOMMENDED** that Plaintiff be required to include the captions and case numbers of all of his prior actions should he file a complaint in this or any other court. *See Clemons v. Dewine*, No. 19-3033 (6th Cir. May 1, 2019) (affirming trial court's imposition of identical filing restrictions under similar circumstances).

## V.  DISPOSITION

Plaintiff's Motions for Leave to Proceed *In Forma Pauperis* are **GRANTED**. (The 2428 Case, ECF No. 1; The 2490 Case, ECF No. 2; and The 2865 Case, ECF No. 1.) All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

In addition, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** each of the above-captioned actions for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is further **RECOMMENDED** that the Court deem Plaintiff a vexatious litigator and enjoin him from filing any new actions without either (a) submitting a certification from an attorney who is licensed to practice in this Court or

the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by this Court prior to the actual filing of the complaint in the Court's docketing system. Finally, it is **RECOMMENDED** that Plaintiff be required to include the captions and case numbers of all of his prior actions should he file a complaint in this or any other court.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

14