# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>JAMIE COE, *et al.*,<br><br>    Defendants. | Case No. 2:19-cv-2428<br>CHIEF JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Chelsey M. Vascura |
| ROBERT W. JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>JUDGE GEORGE C. SMITH, *et al.*,<br><br>    Defendants. | Case No. 2:19-cv-2490<br>CHIEF JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Chelsey M. Vascura |
| ROBERT W. JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>SETH A. ABEL, *et al.*,<br><br>    Defendants. | Case No. 2:19-cv-2865<br>CHIEF JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Chelsey M. Vascura |

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Robert W. Johnson's ("Plaintiff") Objection (Case 2428, ECF No. 9; Case 2490, ECF No. 8; Case 2865, ECF No. 7) to the Magistrate Judge's Report and Recommendation (Case 2428, ECF No. 7; Case 2490 ECF

No. 6; Case 2865, ECF No. 5). For the reasons that follow, the Court **ADOPTS** the Report and Recommendation (Case 2428, ECF No. 7; Case 2490 ECF No. 6; Case 2865, ECF No. 5) and **DISMISSES** Plaintiff's Objection (Case 2428, ECF No. 9; Case 2490, ECF No. 8; Case 2865, ECF No. 7)

I.

Plaintiff, proceeding *pro se*, recently filed four cases before this Court. The Court dismissed the first action, *Johnson v. Nationwide Insurance*, Case No. 2:19-cv-1130 (S.D. Ohio Mar. 26. 2019) ("Case 1130"), for failure to state a claim pursuant to 28 U.S.C. § 1915(e). Plaintiff then filed the three above-captioned cases: (1) *Johnson v. Coe* ("Case 2428"); (2) *Johnson v. Smith* ("Case 2490"); and (3) *Johnson v. Abel* ("Case 2865"). All of Plaintiff's claims arise out of a January 2017 car accident, in which Plaintiff alleges he sustained serious injuries. (Case 1130, ECF No. 3).

**A. Case 1130**

On March 27, 2019, Plaintiff filed a Complaint against Nationwide Insurance Company and Victoria Fire and Casualty Company, alleging negligence and violations of Plaintiff's Due Process rights. (*Id.*). Plaintiff sought punitive damages of $100 million against Defendants for injuries suffered as a result of the 2017 car accident. (*Id.*). The Magistrate Judge issued a Report and Recommendation recommending that Case 1130 be dismissed because Plaintiff's limited factual assertions did "not support any claim arising under Section 1983 against any of the Defendants." (Case 1130 R&R, ECF No. 7). The district court adopted the Magistrate Judge's finding and dismissed Case 1130 pursuant to § 1915(e). (Case 1130 Order, ECF No. 10).

### B. Case 2428

Plaintiff's 2428 Complaint asserts claims against six Defendants, including Dr. Richard Weiss, Jamie Coe, Nationwide Insurance, Joan Mahar, Terry J. Griggs, and Victoria Fire and Casualty Company. (Case 2428, ECF No. 1-1). Plaintiff contends that Defendants violated his Due Process rights by denying his request for additional orthopedic surgery or treatment, denying his no-fault insurance claim, and denying Plaintiff's request for transportation services via Victoria Fire and Casualty Company's ACCESS-A-RIDE program. (*Id.*). Plaintiff seeks $500 million in punitive damages. (*Id.*).

### C. Case 2490

In addition to naming Nationwide Insurance and Victoria Fire and Casualty Company as Defendants in Case 2490, Plaintiff also asserts claims against the State of Ohio, Judge George C. Smith, and Magistrate Judge Elizabeth P. Deavers. (Case 2490, ECF No. 2-1). Despite naming other Defendants, Plaintiff's allegations focus on Judges Smith and Deavers. (*Id.*). Specifically, Plaintiff argues that Judge Deavers violated his Due Process rights and committed fraud by recommending that Case 1130 be dismissed for failure to state a claim. (*Id.*). In addition, Plaintiff avers that Judge Smith committed fraud by adopting Judge Deavers's Report and Recommendation and denying him the right to a jury trial. (*Id.*). Plaintiff seeks $800 in punitive damages. (*Id.*).

### D. Case 2865

Plaintiff's 2865 Complaint asserts claims against Nationwide Insurance Company, as well as an additional eighty-five Defendants. (Case 2865, ECF No. 1-1). As noted in the Report and Recommendation, Plaintiff "offers no specific allegations relating to any of the defendants." (Case 2428, R&R at 6, ECF No. 5). Instead, Plaintiff claims that "Defendants have committed

Due Process violations by not admitting legal representation on Notice of Appearance for Nationwide Insurance." (Case 2865, ECF No. 1-1). Plaintiff also contends that "Defendants are committing fraud by not retaining counsel and filing a Notice of Appearance." (*Id.*). Plaintiff seeks "punitive damages of $230.6 billion." (*Id.*).

**E. Litigation Outside this District**

The Court notes that Plaintiff has filed substantially-similar cases in several other districts. *See, e.g., Johnson v. Progressive Corp. Ins. Co.*, No. 1:19-cv-826 (N.D. Ohio filed Apr. 15, 2019); *Johnson v. Progressive Corp. Ins. Co.*, No. 1:19-cv-2902 (S.D.N.Y filed Mar. 29, 2019); *Johnson v. Law Offices of Jennifer Adams*, No. 1:19-cv-6272 (S.D.N.Y. filed July 2, 2019); *Johnson v. Victoria Fire & Casualty*, No. 19-cv-154 (S.D. Ala. filed Mar. 29, 2019); *Johnson v. Victoria Fire & Casualty*, No. 19-cv-2782 (S.D.N.Y. filed Mar. 28, 2019); *Johnson v. McMahon*, No. 19-cv-5090 (S.D.N.Y. filed May 29, 2019). To date, none of Plaintiff's actions have survived an initial § 1915(e) screen.

## II.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–343 (1948)). Because a nonpaying litigant "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," 28 U.S.C. § 1915(e) provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>   (A) The allegation of poverty is untrue; or
>
>   (B) The action or appeal—
>
>     (i)  is frivolous or malicious;

4

> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915(A) requires courts to screen complaints to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted."

The same "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(A)] because the relevant statutory language tracks the language of Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010). Thus, the Court must construe the complaint in the light most favorable to the plaintiff and determine whether the factual allegations present a plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. In other words, a complaint is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). However, "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garrett v. Belmont County*

*Sheriff's Dept.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

## III.

According to the Report and Recommendation, Plaintiff fails to allege any plausible facts which amount to a viable claim under § 1915(e). (Case 2428, R&R at 13). Plaintiff disagrees, arguing that his "stated claims [are] entitled to relief" and "are not frivolous." (Case 2428, Pl.'s Obj. at 2, ECF No. 9). In addition, Plaintiff contends that Chief Judge Edmund A. Sargus Jr. and Magistrate Judge Chelsey M. Vascura should recuse themselves from the present case to avoid "creat[ing] further prejudice." (*Id.* at 1). Finally, Plaintiff summarily objects to "accusations of being a vexatious litigator." (*Id.* at 2). Plaintiff's position is not well taken. Other than asserting broad objections to the Magistrate Judge's Report and Recommendation, Plaintiff offers no arguments in his Objection. Moreover, upon *de novo* review, the Magistrate Judge correctly concluded that Plaintiff failed to state a claim upon which relief can be granted.

### A. Case 2428

Plaintiff fails to state a claim for a constitutional violation pursuant to 42 U.S.C. § 1983. To plead a cause of action under § 1983, a plaintiff must sufficiently allege two elements: (1) the "violation of a right secured by the Constitution and laws of the United States," and (2) the "deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). To act under the color of state law, a defendant must "have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

6

Here, Plaintiff fails to satisfy the second prong. Dr. Richard Weiss, Jamie Coe, Nationwide Insurance, Joan Mahar, Terry J. Griggs, and Victoria Fire and Casualty Company are all private actors. Accordingly, Plaintiff does not allege sufficient facts to plausibly alleged a Due Process violation. *See Krukemyer v. Forcum*, 475 Fed. App'x 563, 566 (6th Cir. 2012) ("Indeed, there is no constitutional right to be free from harm inflicted by private actors. A due process claim lies only against a governmental defendant").

Plaintiff's negligence claim also fails under § 1915(e). Under Ohio law, a plaintiff may establish a negligence claim by showing: "(1) the existence of a duty, (2) a breach of that duty, and (3) an injury resulting from the breach." *Robinson v. Bates*, 112 Ohio St.3d 17, 24 (2006) (citing *Menifee v. Ohio Welding Prods, Inc.*, 15 Ohio St.3d 75, 77 (1984)). In the instant action, Plaintiff asserts no facts establishing the existence of a duty or a breach of that duty. Consequently, Plaintiff's claim must be dismissed pursuant to § 1915(e).

## B. Case 2490

As the Report and Recommendation accurately states, Plaintiff alleges no facts or specific claims against Nationwide Insurance, Victoria Fire and Casualty Company, or the State of Ohio. Thus, Plaintiff fails to state a claim against these Defendants under § 1915(e). In addition, Plaintiff claims against Judges Smith and Deavers are barred by judicial immunity. "It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991)).

Absolute judicial immunity is overcome only in two circumstances: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the

7

complete absence of all jurisdiction." *Id.* at 1116 (quoting *Mireles*, 502 U.S. at 11–12). Neither of these exceptions apply in this case. Judges Smith and Deavers acted in a judicial capacity when they ruled on Case 1130. Furthermore, Plaintiff presents no facts to suggest that Judges Smith and Deavers lacked jurisdiction over his case. Consequently, Plaintiff fails to state a claim pursuant to § 1915(e).

## C. Case 2865

Although Plaintiff names eighty-six individuals as Defendants in Case 2865, he fails to allege any specific facts against a single Defendant. Instead, Plaintiff vaguely alleges that Defendants committed Due Process violations against him. Accordingly, Plaintiff's claim fails under § 1915(e).

## D. Plaintiff's Additional Objections

The Court finds no merit to Plaintiff's remaining objections. "A federal judicial officer must recuse himself or herself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based on the subjective view of a party, no matter how strongly that subjective view is held." *In re Request for Recusal of District Judge*, No. MC-3-94-030, 1994 WL 1631038, at *2 (S.D. Ohio Oct. 12, 1994) (citing *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir.1990), *cert. denied*, 111 S. Ct. 1635 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir.), *cert. denied*, 498 U.S. 980 (1990) (internal quotations omitted)). Here, the impartiality of the presiding Judges cannot be reasonably questioned. Neither Judge has a personal interest in the case. Nor does Plaintiff present facts to plausibly suggest any form of bias or prejudice against him. Thus, the Court **OVERRULES** Plaintiff's objection regarding recusal.

8

Plaintiff's objection to being designated a vexatious litigator is similarly unpersuasive. In her well-reasoned opinion, the Magistrate Judge noted that "[f]ederal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, No. 2:17-cv-103, 2017 WL 6508723, at *9 (S.D. Ohio Dec. 20, 2017) (quoting *Johnson v. Univ. Housing*, No. 2:06-cv-628, 2007 WL 4303728, at *12 (S.D. Ohio Dec. 10, 2017) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986)). Here, it is clear that Plaintiff is a vexatious litigant. Plaintiff has now filed at least ten civil suits, in at least four different districts—all pertaining to his January 2017 car accident. Notably, none of Plaintiff's cases have survived an initial § 1915(e) screen. Accordingly, the Court **OVERRULES** Plaintiff's objection to being designated as a vexatious litigator.

## IV.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection (Case 2428, ECF No. 9; Case 2490, ECF No. 8; Case 2865, ECF No. 7) and **ADOPTS** the Magistrate Judge's Report and Recommendations (Case 2428, ECF No. 7; Case 2490 ECF No. 6; Case 2865, ECF No. 5). Cases 2428, 2490, and 2865 are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. The Clerk is **DIRECTED** to close these cases in accordance with this Opinion and Order.

In addition, Plaintiff is **DEEMED A VEXATIOUS LITIGATOR** and is hereby **ENJOINED** from filing any new actions without either: (a) submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by

9

this Court prior to the actual filing of the complaint in the Court's docketing system. Should Plaintiff file a complaint in this or any court, Plaintiff is **ORDERED** to include the captions and case numbers of all his prior actions.

**IT IS SO ORDERED.**

__8-2-2019__
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**